IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

**ENTERED**
**04/03/2008**

|                          |     |                          |
| ------------------------ | --- | ------------------------ |
| IN RE                    | )   |                          |
| MARTIN L. EREVIA,        | )   | CASE NO. 08-80101-G3-13  |
|         Debtor,          | )   |                          |

<u>MEMORANDUM OPINION</u>

      The court has held a hearing on the "Motion to Continue Automatic Stay," (Docket No. 10) filed by the Debtor in the above captioned case.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

      Martin L. Erevia ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on March 3, 2008.  Prior to the instant case, Debtor was also the Debtor in Case No. 07-80464-G3-13.  In both the first case and the instant case, William E. Heitkamp was appointed as the Chapter 13 trustee.  Michael G. Busby, Jr. has served as Debtor's counsel of record in both cases.

Debtor filed the petition in the first case on September 4, 2007.  On the petition date in the first case, Debtor filed, <u>inter alia</u>, schedules and a statement of financial affairs.  (Docket No. 1, Case No. 07-80464-G3-13).  Debtor amended the schedules and statement of financial affairs on September 20, 2007.  (Docket No. 11, Case No. 07-80464-G3-13).  Debtor signed the schedules and statement of financial affairs in the first case under penalty of perjury.

Debtor's amended statement of financial affairs in the first case indicates that Debtor had income during 2007, prior to the petition date, of $107,900.  Although the statement of financial affairs requires a debtor to list income for the two calendar years preceding the calendar year in which the petition was filed, Debtor did not state his income for 2005 or 2006. (Docket No. 1, Case No. 07-80464-G3-13).

In the first case, Debtor proposed a Chapter 13 plan calling for Debtor to make payments of $2,993 per month for 60 months to the Chapter 13 Trustee.  The plan called for, <u>inter alia</u>, disbursements to Johnny L. Peres, Jr. and Jeanean L. Peres ("the Pereses") of $1,962.00 in regular monthly mortgage payments on a first lien, $600 per month in regular monthly mortgage payments on a second lien, and $3,500 in arrearage claims to be paid during the 60 month term of the plan.  (Docket No. 5, Case No. 07-80464-G3-13).

2

On November 5, 2007, Debtor appeared for a meeting of creditors in the first case.  Debtor testified at the hearing on the instant motion that, at the meeting of creditors in the first case, the Chapter 13 Trustee's representative requested that Debtor amend the schedules, statement of financial affairs, and plan.  Debtor testified he believes he filed the requested amendments.  The docket sheet of the first case does not reflect any amendment to the schedules, statement of financial affairs, or plan after September 20, 2007.  (Case No. 07-80464-G3-13).

On November 7, 2007, the Chapter 13 Trustee moved to dismiss the first case, on grounds Debtor had failed to implement a wage deduction order or ACH authorization, make Chapter 13 plan payments, file federal income tax returns for 2003-2006, submit to an examination of his financial records by Trustee's accountant, provide proof of his social security number, itemize his business inventory, complete the statement of financial affairs, and propose a confirmable plan.  (Docket No. 26, Case No. 07-80464-G3-13).

On November 16, 2007, the Pereses filed a motion for relief from stay in the first case, with respect to the property listed in Debtor's schedules as his homestead. (Docket No. 28, Case No. 07-80464-G3-13).

On December 14, 2007, the court held a hearing on the Chapter 13 Trustee's motion to dismiss the first case.  The

Chapter 13 Trustee was directed to submit a dismissal order if Debtor failed, within ten days after the date of the hearing, to become current with plan payments, and file an amended plan, schedules, and statement of financial affairs.  (Docket No. 38, Case No. 07-80464-G3-13).

On December 16, 2007, the court entered an agreed order on the Pereses motion for relief from stay.  The agreed order conditioned the stay on, _inter alia_, Debtor's modifying the plan to provide for payment to the Pereses of a postpetition mortgage arrearage.

On January 2, 2008, the Chapter 13 Trustee certified that Debtor had failed to cure the defaults identified at the December 14, 2007 hearing.  (Docket No. 41, Case No. 07-80464-G3-13). On that same date, an order was entered dismissing the first case.  (Docket No. 43, Case No. 07-80464-G3-13).

On March 3, 2008, Debtor filed the instant case.  On the petition date in the instant case, Debtor filed, _inter alia_, schedules and a statement of financial affairs.  Debtor signed the schedules and statement of financial affairs in the instant case under penalty of perjury.  (Docket No. 2).

Debtor's statement of financial affairs filed in the instant case indicates that Debtor had gross income of $12,500 in 2005, $62,000 in 2006, $107,900 in 2007,[1] and $33,280 from the

---

[1]This is the same amount as identified in the previous case for 2007 through the petition date, thus indicating that Debtor

beginning of 2008 through the petition date.

At the hearing on the instant motion, Debtor testified that he filed both the first case and the instant case to stop scheduled foreclosure sales of his homestead.

Debtor acquired the property on April 11, 2007, approximately five months before the petition date in the first case.  Debtor executed a 20 year note payable to the Pereses, in the original principal amount of $235,000.  On the same date, Debtor executed a second lien note, in the original principal amount of $38,250, providing for payment of 36 monthly installments of $600, with a balloon payment due in the 36th month.  (Peres Exhibits 1, 2).

Debtor testified, at the hearing on the instant case, that the balloon payment, which is due in April, 2010, will be in excess of $27,000.  He testified that he believes he will be able to make the balloon payment, either by selling or refinancing the homestead, or by growing his business.  Debtor testified that he needs the homestead for his family.

Debtor testified that he has made no payment directly to the Pereses since the first case was filed.  He testified that he made three payments, totaling $9,000, to the Chapter 13 Trustee in the first case.  He testified that the third payment was refunded to him.

---

had no income during 2007 after the petition date in the first case.

Debtor testified that, in the two months after the first case was dismissed, but before the instant case was filed, he purchased two vehicles.  He testified that he paid $7,000 in cash as a down payment for one of the vehicles, and $5,000 in cash as a down payment for the other vehicle.  These payments were not disclosed on Debtor's statement of financial affairs.

When he was cross-examined by counsel for the Pereses and counsel for the Chapter 13 Trustee, Debtor admitted to numerous inaccuracies in the schedules and statement of financial affairs he filed in the instant case.  Debtor testified he is a defendant in a felony theft criminal proceeding, but did not list the pending proceeding in his statement of financial affairs.  He testified that he received $9,000 for a construction contract between the date of filing of the petition in the first case and the end of 2007, but failed to report that income on his statement of financial affairs.  Debtor testified that he was unable to remember the information he had provided for the schedules.  He testified that he does not recall the disposition of the income he has received since the beginning of 2008, other than the purchase of the two vehicles.

In Debtor's plan in the instant case, he proposes to pay $2,500 per month for 60 months.  The plan proposes distribution on claims secured by the two vehicles Debtor purchased between the dismissal of the first case and the filing

of the instant case, and payment of an arrearage on the first
lien of the Pereses, together with regular monthly mortgage
payments.  Debtor's plan in the instant case does not provide for
any distribution to the Pereses with respect to the second note.

<u>Conclusions of Law</u>

Section 362(c)(3) of the Bankruptcy Code provides:

(c) Except as provided in subsections (d), (e), (f),
and (h) of this section--

* * *

(3) if a single or joint case is filed by or against
debtor who is an individual in a case under chapter
7, 11, or 13, and if a single or joint case of the
debtor was pending within the preceding 1-year
period but was dismissed, other than a case refiled
under a chapter other than chapter 7 after dismissal
under section 707(b)--

(A) the stay under subsection (a) with respect to
any action taken with respect to a debt or property
securing such debt or with respect to any lease
shall terminate with respect to the debtor on the
30th day after the filing of the later case;

(B) on the motion of a party in interest for
continuation of the automatic stay and upon notice
and a hearing, the court may extend the stay in
particular cases as to any or all creditors (subject
to such conditions or limitations as the court may
then impose) after notice and a hearing completed
before the expiration of the 30-day period only if
the party in interest demonstrates that the filing
of the later case is in good faith as to the
creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is
presumptively filed not in good faith (but such
presumption may be rebutted by clear and convincing
evidence to the contrary)--

7

(i) as to all creditors, if--

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

    (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

    (bb) provide adequate protection as ordered by the court; or

    (cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--

    (aa) if a case under chapter 7, with a discharge; or

    (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

11 U.S.C. § 362(c)(3).

In the instant case, Debtor has filed an individual case under Chapter 13 within one year after a preceding Chapter 13 case was pending.

On the question of whether the presumption applies that the case was not filed in good faith, the opponent of the extension (the Pereses, in the instant case) bears the burden of proof as to whether the case was dismissed after Debtor failed to file or amend the petition or other documents as required by Title 11 or the court without substantial excuse.  The Debtor bears the burden of proof to show a change of financial circumstances under Section 362(c)(3)(C)(i)(III) by a preponderance of the evidence.  In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the previous case, Debtor failed to amend the schedules and statement of financial affairs after being ordered to do so.  Several of the errors which were present in the schedules and statement of financial affairs in the first case were repeated in the instant case.  The court concludes that the Pereses have met their burden of proof as to the presumption. The presumption also applies because Debtor has failed to meet his burden of proof with respect to a change in financial circumstances which would give the court reason to conclude that this case will be concluded with a confirmed plan that will be

fully performed.

Under Section 362(c)(3)(C), the presumption that the case was not filed in good faith may be rebutted by clear and convincing evidence to the contrary.  Debtor's evidence is neither clear nor convincing.  Rather than paying creditors, Debtor incurred new debt after the first case was dismissed, and cannot account for the disposition of the cash he has received.  Debtor has filed schedules and a statement of financial affairs replete with statements which are erroneous, if not intentionally false.  Debtor's testimony regarding the previous case and the instant case was not credible.  Debtor has proposed a plan which fails to provide in full for the asserted secured claims, and depends on further restructuring or the growth of Debtor's business for success.  Debtor has lived in the home which is the subject of the Pereses claims for only one year, during most of which he has made no payments.  The court concludes that Debtor has failed to meet his burden of proof to rebut the presumption that the instant case was not filed in good faith.

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Continue Automatic Stay," (Docket No. 10) filed by the Debtor.

Signed at Houston, Texas on April 3, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE